IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MAXX GREEN a/k/a MAXIE DELANO GREEN d/b/a A to Z BAIL BONDS, § § § | |
| *Plaintiff* § | CIVIL ACTION NO. 7:25-cv-0001-O |
| § | |
| vs. § | |
| § | |
| WICHITA COUNTY BAIL BOND § | JURY DEMANDED |
| BOARD. § | |
| § | |
| *Defendant* § | |

## SECOND AMENDED COMPLAINT

NOW COMES Maxx Green a/k/a Maxie Delano Green, individually and doing business as A to Z Bail Bonds, hereinafter referred to as "Green" and files this Second Amended Complaint. This Amended Complaint is filed pursuant to Federal Rule of Civil Procedure (a)(1)(B) in that it is filed within 21 days of the filing of a Motion pursuant to Rule 12(b)(6) (DKT #6).

### PARTIES

1. Maxx Green a/k/a Maxie Delano Green d/b/a A to Z Bail Bonds is an individual citizen of the United States and domiciliary of Texas who resides in Wichita Falls, Wichita County, Texas.

2. The Wichita County Bail Bond Board (hereinafter "the Board" or ("WCBBB") is a statutory, local government entity that regulates the bail bond business in Wichita County, Texas. [T]the Board is a political subdivision of Wichita County.

1

## JURISDICTION

3.  This matter was filed in the District Court of Wichita County, Texas and prior to removal consisted of two consolidated actions bearing cause numbers DC89-CV2024-2066 and DC89-CV2023-1234 that were consolidated into DC89-CV2023-1234. Defendants removed this action to this Court on January 3, 2025. Green hereby files this Amended Complaint, deleting all causes of action or claims that are based on Federal Question jurisdiction. Green will request that this matter be remanded to State Court.

## FACTS – COMMON TO ALL COUNTS

4.  Maxx Green has been operating A to Z Bail Bonds for over thirty years in Wichita County, Texas. Green's bail bond business has been commercially successful prior to June 21, 2023. Prior to Green's license revocation on June 21, 2023, Green had a large portion of the bail bond business in Wichita County, Texas. His inability to continue to make bail bonds beginning shortly after June 21, 2023, greatly injured Green both financially and reputationally.

5.  On June 28, 2023, Green, through Ron Poole, his attorney who represented him before the Board on June 21, 2023, received a copy of a document entitled "Public Notice." which had been sent by certified mail to Ron Poole.

6.  On July 5, 2023, within thirty days of June 21, 2023, Green filed a Petition for a *trial de novo* of the complaint against him in District Court for Wichita County and was assigned case number DC89-CV2023-1234.

7.  Green learned for the first time on July 3, 2024, when he received the Board's Motion to Dismiss with an affidavit by Jim Johnson that the Board was taking the position that no order revoking Green's bail bond license existed. Green's discovery of Board's position that no order revoking his license occurred only when the Affidavit of Jim Johnson was filed in case number DC89-CV2023-1234, with Johnson stating under oath that: "There is no order revoking

the plaintiff's license contained in the records of the Wichita County Bail Bond Board." This was a great surprise to Green since the Sheriff's Office of Wichita County had been informed by the Board that Green's license was revoked approximately one year previously and since that time refused to accept bonds presented by or for him. The last date Green presented a bond for acceptance was on August 11, 2024, which was also refused.

8. On August 29, 2024, Jim Johnson, Chairman of the Board, signed a document entitled "WRITTEN ORDER MEMORIALIZING BOND LICENSE REVOCATION".

9. On September 30, 2024, Green, in an abundance of caution, filed a pleading also invoking §1704.255 Texas Occ. Code, in Case No. DC89-CV2024-2066 in the 89th District Court of Wichita County, Texas concerning the August 29, 2024, document described in ¶8.

10. Both cases were consolidated into case number DC89-CV2023-1234 as described in ¶3. In a *trial de novo* §1704.255 Texas Occupations Code, Green is the Defendant and The Wichita County Bail Bond Board is the Plaintiff with the burden of proof.

## COUNT I

## DE NOVO APPEAL OF BAIL BOND REVOCATION

11. Green invokes his statutory rights under Tex. Occ. Code §1704.255 through §1704.257 to a trial de novo in the same manner as an appeal from a justice court to a county court of the Board's complaint against him. Additionally in support of Count I, Green incorporates into this pleading all facts set out in his First Amended Petition together with his attached affidavit verbatim.

## COUNT II

## TEMPORARY INJUNCTIVE RELIEF

12. In support of Count II, Green incorporates all facts set out in his First Amended Petition together with his attached affidavit, into this pleading as fully as if each was recited verbatim.

13. In a de novo appeal – the Board's Local Rule 15.17 provides for prospective injunctive relief Tex. R Civ. P. 680.

14. To secure injunctive relief under Texas Rule of Civil Procedure 680, a trial court issuing a temporary restraining order must: (1) state why the order was granted without notice if it is granted ex parte; (2) state the reasons for the issuance of the order by defining the injury and describing why it is irreparable; (3) state the date the order expires and set a hearing on a temporary injunction; and (4) set a bond.

15. Additionally, an applicant for injunctive relief must demonstrate the following four grounds: (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law.

16. Rule 684 of the Texas Rules of Civil Procedure mandates specific requirements for securing injunctive relief. The rule requires that, in the order granting any temporary restraining order or temporary injunction, the court must fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction, the applicant must execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge.

17. Under Texas Rule of Civil Procedure 693, the requirements for securing injunctive relief are governed by both general equitable principles and specific statutory provisions.

Generally, to obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.

18. Additionally, the Texas Rules of Civil Procedure 680 and 684 set forth specific requirements for the granting of temporary injunctions after a hearing. These requirements include defining the injury and describing why it is irreparable, stating the trial date and when the order expires and setting a bond.

19. Furthermore, the applicant must demonstrate that there is no adequate remedy at law, meaning that the legal remedy must be complete, final, and equitable. The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits.

20. In summary, securing injunctive relief under Texas Rule of Civil Procedure 693 involves meeting both the general equitable requirements and the specific procedural mandates outlined in the Texas Rules of Civil Procedure.

21. Green cannot adequately be compensated in damages for wrongful revocation of his license because there has been such harm to Green's reputation and to his business reputation that it will be difficult to arrive at a measure of damages.

22. It is undisputed that the actions occurring at the jail where Green's bonds are declined have resulted in a total disruption of Green's bail bond business and further to prevent Green from injunctive relief under Tex. Occ. Code §1704.257(b) under the facts of this case, before the complaint had been adjudicated in *a trial de novo* would violate his right to due course of law under the Texas Constitution. Either of these actions satisfy the requirement of irreparable harm.

23. Under the statutory right to a *trial de novo* of the complaint against him, there is no provision for the assessment of damages against the Board.

24. Moreover, Green's business would be more than disrupted, it will continue to be cut off completely if a temporary injunction is not issued.

## JURY DEMAND

25. A jury was previously demanded in DC89-CV2023-1234 and then again in DC89-CV2024-2066 with a jury fee paid on September 30, 2024. Green demands a jury trial on all issues of triable disputed facts in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Green prays that the Court order: (a) finding that the complaint by the Wichita County Bail Bond was not sustained; (b) issuing a temporary injunction, pending further order of this court allowing Green to write bail bonds provided that he is otherwise authorized by law to do so, excepting the action of the Board revoking his license that is the subject matter of this case; and such other and further relief as to which Green shows himself entitled.

Respectfully submitted,

GROTEFELD HOFFMANN, LLP

By;_____
Lawrence T. Bowman
Texas State Bar No. 00788993
1717 Main Street, Suite 3650
Dallas, Texas 75201
Telephone: (214) 974-7399
Facsimile:  (312) 601-2402
Email:  lbowman@#ghlaw-llp.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2024, a true and correct copy of the foregoing was served on the following counsel of record via the Court's e-file system.

Lawrence T. Bowman