IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **MAXX GREEN a/k/a MAXIE DELANO GREEN d/b/a A TO Z BAIL BONDS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**WICHITA COUNTY BAILBOND BOARD, ET AL,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 7:25-cv-00001-O**<br><br><br>**JURY DEMANDED** |

<u>**MAXX GREEN d/b/a A to Z BAIL BONDS'**</u>
<u>**BRIEF IN SUPPORT OF MOTION TO REMAND**</u>

Plaintiff, Maxx Green d/b/a A-Z Bail Bonds, ("Green") hereby files this Brief in support Motion's motion for remand, and states as follows:

I.   <u>**SUMMARY**</u>

This case is in an unusual procedural posture. Maxx Green d/b/a A to Z Bail Bonds had his bail bond license revoked by the Wichita County Bail Bond Board (the "Board") for allegedly soliciting inmates to be customers for his bonds. Green appealed that ruling to the District Court in Wichita County and is entitled to *de novo* review. Green has also asserted other claims in connection with that license revocation.

At the time of the removal, Green's claims consisted of: (1) *de novo* appeal of his license revocation; (2) Green's request for an injunction that his license be reinstated and for other relief; (3) Green's request for a Declaration that his license be reinstated and for other relief; and (4) Green's §1983 and other claims for damages.

1

On January 3, 2025, the defendants removed the action filed by Green from District Court in Wichita County to this Court. [DKT. #1]. The basis of the removal is federal question jurisdiction implicated by Green's §1983 and other claims which might give rise to federal question jurisdiction. This Court had supplemental jurisdiction over Green's state law claims to the extent that such claims had a "common nucleus of operative facts" with the federal law claims.

On January 22, 2025, Judge Meredith Kennedy filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. # 6]. In response to this Motion to Dismiss, Green has filed a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which permits such amendments as a "matter of course." [Dkt. #___]. Green's Amended Complaint deletes all causes of action and claims which could possibly give rise to question jurisdiction. His only remaining claims are state law claims for reinstatement of his bail bond license, injunctive relief, and declaratory relief.

Given that Green has dismissed any claims which could give rise to federal question jurisdiction, this Court no longer has supplemental jurisdiction over Green's state law claims in this action should be remanded to the District Court for Wichita County.

I. **ARGUMENT**

The legal question of whether this Court lacks subject matter jurisdiction over this action was decided by the United States Supreme Court on January 15, 2025. In *Royal Canin, USA, Inc. v. Wullschleger,* 604 U. S._____ (2025),[1] Wullschleger sued Royal Canin in Missouri state court. and included claims based on the Federal Food, Drug and Cosmetic Act ("FDCA"). Because the FDCA claims gave rise to federal question jurisdiction, Royal Canin removed the action to federal court. Wullschleger then amended her complaint, deleting any claims based upon the FDCA and

---

[1] A courtesy copy of the *Royal Canin* decision is attached.

2

moved to remand the case to state court. The District Court denied the motion to remand. The Eighth Circuit Court of Appeals reversed that decision and ordered that the case be remanded. The Supreme Court granted certiorari, affirmed the Eighth Circuit, an ordered that the case be remanded.

The *Royal Canin* court held that although the District Court initially had supplemental jurisdiction over state law claims based upon its jurisdiction over the federal question claims, such supplemental jurisdiction disappeared once the federal question claims were dismissed by amendment. Once the plaintiff amended her complaint, the "original pleading no longer performs any function in the case." *Royal Canin*, at 11. Although 28 U. S. C. §1367 initially permitted supplemental jurisdiction over the state law claims, once the federal question claims were deleted, the court lacked subject matter jurisdiction and remand was mandatory, not discretionary, because "there is no discretion to decline supplemental jurisdiction… because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing – and §1367(a) does not authorize a federal court to resolve them." *id* at 10. The Court ultimately held:

> For these reasons, the District Court here should have remanded Wullschleger's suit to state court. The earliest version of that suit contained federal law claims and therefore was properly removed to federal court. The additional state law claims were sufficiently related to the federal ones to come within that course supplemental jurisdiction. But when Wullschleger, amended her complaint, the jurisdictional analysis also changed. Her deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the courts supplemental jurisdiction over the state claims dissolved too. She had reconfigured her suit so to make it only about state law. And so the suit became one for a state court.

*Royal Canin*, at 20.

The same holds true here. Green's Wichita County state court petition which served as the basis for removal included claims which invoked federal question jurisdiction. Green has since

amended that Complaint to delete all federal question claims. The court no longer has supplemental jurisdiction over Green's state laws claims and therefore lacks subject matter jurisdiction. The action should be remanded to state court.

## II.   **CONCLUSION**

For the foregoing reasons, Maxx Green d/b/a A to Z Bail Bonds respectfully requests that this matter be remanded to the District Court for Wichita County, Texas.

        Respectfully submitted,

        GROTEFELD HOFFMANN, LLP

By;_____
        Lawrence T. Bowman
        Texas State Bar No. 00788993
        1717 Main Street, Suite 3650
        Dallas, Texas 75201
        Telephone: (214) 974-7399
        Facsimile:  (312) 601-2402
        Email:  lbowman@#ghlaw-llp.com

        **ATTORNEY FOR PLAINTIFF**

CERTIFICATE OF SERVICE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2024, a true and correct copy of the foregoing was served on all counsel of record via the Court's e-file system.

Lawrence T. Bowman

11192565 v1 (99999.00099.000)